UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24577-CV-SEITZ
(CASE NO. 95-605-CR-SEITZ)
MAGISTRATE JUDGE REID

FRANCISCO SALDANA,

    Movant

v.

UNITED STATES OF AMERICA,

    Respondent
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court on Movant's *pro se* filing titled "Petition Pursuant to Federal Rules of Civil Procedure 60(B)(3), 60(B)(4), 60(D)(1), and 60(D)(3) from Final Judgment Order Denying Saldana's § 2255 Petition to Correct his Illegal Sentences; and the Court Lack [sic] Subject Matter Jurisdiction to Hear Count Seven (7)[.]" [ECF No. 1].[1] This cause has been referred to the Undersigned

---

[1] Citations to [ECF] refer to docket entries in the instant case, Case No. 19-24577-CV-SEITZ. Citations to [CR-ECF] refer to docket entries in the underlying criminal case, Case No. 95-605-CR-SEITZ. Citations to [CV1-ECF] refer to docket entries in Case No. 02-21852-CV MIDDLEBROOKS.

for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Here, in essence, Movant seeks to challenge his federal criminal convictions and sentences, following a jury verdict in the United States District Court for the Southern District of Florida in **Case No. 19-24577-CV-SEITZ**.

"Federal courts have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)). As such, the Court construes Petitioner's filing as a Motion to Vacate pursuant to 28 U.S.C. § 2255.

Accordingly, it is **RECOMMENDED** that Movant's filing be construed as a Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 1] and be **DISMISSED** for lack of jurisdiction.

## II.    Relevant Procedural History

Movant was adjudicated guilty of conspiracy to possess with intent to distribute cocaine under 21 U.S.C. § 845, use and carry of firearm during drug trafficking offense under 18 U.S.C. § 924(c)(1), possession with intent to distribute cocaine under 21 U.S.C § 841(a)(1), and possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), following a jury verdict in Case No. 95-00605-CR-

SEITZ. *See United States v. Francisco Saldana,* No. 95-00605-CR-NESBITT,[2] Amended Judgment [CR-ECF No. 536] (S.D. Fla. Nov. 4, 1996).

On April 29, 2019, Movant through representation of counsel, filed a motion to impose reduced sentence pursuant to the First Step Act of 2018 and request for hearing in Movant's underlying criminal case. [CR-ECF No. 1269]. On April 1, 2019, Petitioner initially filed the instant Motion in assigned Case No. 02-21852-CV-MIDDLEBROOKS. *See Saldana v. United States*, No. 02-21852-CV-MIDDLEBROOKS, Petition [CV1-ECF No. 314] (S.D. Fla. Apr. 1, 2019). On November 1, 2019, the Undersigned entered a paperless order deferring ruling on Movant's instant filing in Case No. 02-21852-CV-MIDDLEBROOKS, as his motion for reduction in sentence pursuant to the First Step Act of 2018 was and is still currently pending. [CV-1 ECF No. 316].

However, upon further review, the Undersigned entered an order directing the Clerk to open Movant's instant filing pursuant to 28 U.S.C. § 2255, assigned Case No. 19-24577-CV-SEITZ, as (1) Movant's filing is more properly construed as a Motion to Vacate under 28 U.S.C. § 2255; and (2) Movant's motion to impose reduce sentence in his underlying criminal case is currently pending and does not have effect on the Court's ability to rule on this § 2255 Motion.

---

[2] Movant's underlying criminal case, Case No. 95-00605-CR-SEITZ, is currently assigned to Judge Patricia A. Seitz.

### III.    Discussion

Critically, Movant has already filed a motion to vacate this conviction in this Court, and the motion was denied on the merits. *See Saldana v. United States*, 02-21852-CV-MIDDLEBROOKS, Order [CV1-ECF No. 119, pp. 36-37] (S.D. Fla. Jan. 20, 2005). Moreover, Movant appealed the District Court's order denying his motion to vacate pursuant to 28 U.S.C. § 2255 in Case No. 02-21852-CV-MIDDLEBROOKS, to the Eleventh Circuit Court of Appeals, and the District Court's order was affirmed in an unpublished written opinion. *See Saldana v. United States*, 206 F. App'x 843, 846 (11th Cir. 2006). Movant's petition for writ of *certiorari* to the United States Court of Appeals for the Eleventh Circuit was denied on April 16, 2007. *See Saldana v. United States*, 127 S. Ct. 2076 (Apr. 16, 2007). Movant filed additional petitions for writ of *certiorari* to the United States Supreme Court, which were all denied.

Lastly, Movant filed a second § 2255 Motion, which was dismissed as successive in Case No. 18-21088-CV-MIDDLEBROOKS. *See Saldana v. United States*, No. 18-21088-CIV-MIDDLEBROOKS, 2018 WL 8918486, at *1 (S.D. Fla. July 6, 2018).

On April 1, 2019, Movant filed the instant Motion to Vacate. [ECF No. 1]. In Movant' filing, he contends, including but not limited to: (1) that "[t]he Government committed fraud upon the [C]ourt by misstating factual facts in the trial records [and]

jury instructions . . . ." [ECF No. 1, p. 1]; (2) "[t]he district court failed to consider numerous claims [Movant] raised in his § 2255 [motions]" [*Id*. p. 2]; (3) "[he] was denied due process of law relevant to the initial COA filed in the Eleventh Circuit . . ." [*Id*.]; (4) [t]he District Court denied him due process of law by denying his initial Rule 60(B) Petition in violation of his Fifth and Sixth Amendment rights" [*Id*.]; and (5) that "[he] offer[s] evidence of extraordinary circumstances and due diligence on his part." [*Id*. p. 3].

Therefore, Movant seeks to challenge his federal criminal convictions and sentences in his underlying criminal case, Case No. 95-605-CR-SEITZ, and is attempting to file another § 2255 Motion.

As such, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear a second or successive § 2255 claim absent authorization from the United States Court of Appeals for the Eleventh Circuit. *See United States v. Winestock*, 340 F.3d 200, 207-09 (11th Cir. 2003); *see also* Rules Governing § 2255 Proceedings, Rule 9.

Lastly, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of

5

appealability].&quot; *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

## IV. Recommendations

Accordingly, it is **RECOMMENDED** that Movant's filing be construed a as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and [ECF No. 1] be **DISMISSED** for lack of jurisdiction.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 20th day of December, 2019.

                                              UNITED STATES MAGISTRATE JUDGE

cc: **Francisco Saldana**
    49160-004
    Springfield
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 4000
    Springfield, MO 65801
    PRO SE

United States of America
represented by Noticing 2255 US Attorney
usafls-2255@usdoj.gov