UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CV-24577-PAS
95-CR-00605-PAS

FRANCISCO SALDANA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING AND AFFIRMING REPORT, AND DISMISSING MOVANT'S MOTION TO VACATE FOR LACK OF JURISDICTION

THIS MATTER is before the Court on the Report of the Magistrate Judge [DE 12] that recommends that Movant's current Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] be dismissed as successive.[1] The Movant has not filed objections to the Report and the time for doing so has elapsed [DE 13]. The Court affirms and adopts the Report, and dismisses the Movant's successive Motion to Vacate for lack of jurisdiction.

As properly noted by the Magistrate Judge, a federal prisoner must receive permission from the court of appeals before he can file a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam). That requirement is jurisdictional—that is, if the petitioner fails to seek permission from the court of appeals for his second or successive § 2255 motion, the district court lacks jurisdiction to consider the motion. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) (per curiam); see *Paige v. United States*, 684 F. App'x 902, 903–04 (11th Cir. 2017) (per curiam) (unpublished).

---

[1] The filing before the Court is styled as a "Petition Pursuant to Federal Rules of Civil Procedure 60(B)(3), 60(B)(4), 60(D)(1), and 60(D)(3) from Final Judgment Order Denying Saldana's § 2255 Petition to Correct his Illegal Sentences; and the Court Lack [sic] Subject Matter Jurisdiction to Hear Count Seven (7)" [ECF No. 1]. The Magistrate Judge correctly construed the Motion as Motion to Vacate pursuant to 28 U.S.C. § 2255 because the Movant sought to attack his 1995 conviction.

Movant asserts that he seeks relief pursuant to Rule 60, for fraud upon the Court, and alleges that the fraud occurred in the evidentiary hearing in the original habeas proceedings. Movant maintains that the Government made misrepresentations in its arguments regarding the trial testimony, the jury instructions and the sentencing. However, these contentions make clear that this is simply an attempt to relitigate issues related to things that occurred during his trial which were decided on the merits in the prior § 2255 proceedings.[2] As such, he is not entitled to file a successive habeas motion absent permission from the 11th Circuit. See e.g. *Scotton v. United States*, 2017 WL 7511339, at *2 (11th Cir. 2017) (observing that petitioner's argument alleging fraud in "the original criminal proceedings ... attacked his underlying judgment of conviction"); *Stern v. United States*, 748 F. App'x 279 (11th Cir. 2019) (claims of fraud during grand jury hearing, sentencing hearing, and restitution contained in ostensible Rule 60(b) motion were properly considered a successive § 2255 petition because the claims did not concern any procedural infirmity in the prior § 2255 proceedings).

Similarly, Movant's contention that the Court improperly failed to consider the 924(c) arguments raised in the reply in his prior § 2255 is also not the basis for a Rule 60 Motion. In the prior § 2255 Motion, the Movant raised forty-three claims of ineffective assistance of counsel and the Magistrate Judge found that only one of those claims was meritorious. In his counseled Objections to the Magistrate Judge's determination, the Movant acknowledged that the Magistrate Judge had "carefully and exhaustively analyz[ed] the record, evidence, and testimony", stated that he agreed with the Magistrate Judge's "thoughtful recommendation" (except for in one regard which is unrelated to the instant matter), and suggested that the Court not rule on the remaining forty-two claims. See Case No. 02-cv-21852-DMM, [DE 92 at 1-2]. Defendant cannot therefore now seek to relitigate those claims through a Rule 60 Motion for which he failed to raise objections to the Magistrate Judge's Report in his prior §2255.[3]

---

[2] As noted in the Magistrate Judge's Report, Movant previously filed a second 2255 Motion that was dismissed as successive. See *Saldana v. United States*, No. 18-21088-CV-MIDDLEBROOKS, 2018 WL 8918486 (S.D. Fla. July 6, 2018). That ruling was affirmed by the Eleventh Circuit on appeal. *Saldana v. United States*, No. 18-13899-HH, (11th Cir. Jan. 28, 2020).

[3] The Court is aware that the Movant, on his own, filed objections to the Magistrate Judge's Report separate from those filed by his attorney in his prior § 2255 action. See Case No. 02-cv-21852-DMM [DE

Thus, having carefully reviewed the Magistrate Judge's Report and Recommendation, and the record, it is

ORDERED THAT

(1) The Report and Recommendation [DE 3] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order.

(2) Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [DE 1] is **DISMISSED** for lack of jurisdiction.

(3) This case is **CLOSED.**

DONE and ORDERED in Miami, Florida, this __7th__ day of April, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

---

107]. However, the Court in that case did not consider those separately-filed Objections, and instead only considered those filed by his attorney in reviewing the Magistrate Judge's Report. See Case No. 02-cv-21852-DMM [DE 119]. The Movant has not alleged in this case that his counsel for his prior § 2255 Motion was ineffective and thus the issues related to the sufficiency of the Magistrate Judge's Report in that prior § 2255 have already been addressed and/or waived in the prior proceeding. The Movant's current Rule 60 Motion thus constitutes a successive § 2255 Motion. See *Young v. FCI Miami Warden*, 2020 WL 1061673, *2 (11th Cir., March 5, 2020) ("Where the Rule 60(b) motion presents a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits, we will treat the motion as, in substance, a successive § 2255 motion that must comply with AEDPA's restraints on successive motions.")